UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLIE LEE SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-CV-141-NCC |
| ) | |
| DET. BENJAMIN A. QUICK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Charlie Lee Spencer, an inmate at the Ste. Genevieve Detention Center, has filed a Complaint, (ECF No. 1), an Application to Proceed in District Court Without Prepaying Fees or Costs, (ECF No. 4), and a Motion for Appointment of Counsel, (ECF No. 3). The Court will grant the Application and assess an initial partial filing fee of $.83, and order Plaintiff to pay that amount within 30 days. The Court will also deny, without prejudice, Plaintiff's motion to appoint counsel.

A prisoner bringing a civil action in forma pauperis "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must "collect . . . an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to the prisoner's account[] or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *Id.*

Here, Plaintiff submitted a ledger from the Ste. Genevieve Detention Center. According to the relevant information on the ledger, Plaintiff's average monthly deposit was $4.17, and his average monthly balance was $3.54. The Court finds that Plaintiff has insufficient funds in his

prison account to pay the entire fee.  The Court will grant the Application and assess an initial partial filing fee of $.83, which is 20 percent of Plaintiff's average monthly deposit.

The Court will direct Plaintiff to pay the initial partial filing fee within 30 days of the date of this Order.  After Plaintiff pays the initial partial filing fee, the Court will require him to make monthly payments "of 20 percent of the preceding month's income credited to" his account until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).  And the Court will review his Complaint pursuant to 28 U.S.C. § 1915 to determine whether it or any portion of it is subject to dismissal.

Lastly, the Court addresses Plaintiff's Motion for Appointment of Counsel. (ECF No. 3).  In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel."  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

At present, there is no indication that the appointment of counsel is warranted, so the Court will deny the motion.  However, recognizing that circumstances may change, the Court will deny the motion without prejudice, and will entertain future such motions as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $.83.  Plaintiff must make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.  If Plaintiff fails to timely comply with this Order to pay the initial partial filing fee, the Court will dismiss this case without prejudice and without further notice.

Dated this 24th day of February, 2026.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE